**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 16, 2018

Emily P. Laursen, Esquire
Lawrance S. Kimmel, Esquire
Kimmel, Carter, Roman, Peltz
& O'Neill, P.A.
56 West Main Street, 4th Floor
Christiana, Delaware 19702

R. Stokes Nolte, Esquire
Wilks, Lukoff & Bracegirdle, LLC
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805

Re:   *Victoria L. Willon and Sean A. Dotson v. Duane D. Werb and EAN Holdings, LLC*
      **Case No.: N17C-03-161 VLM**

Dear Counsel:

This Court has reviewed Defendant EAN Holdings, LLC's ("EAN") Motion to Dismiss. Pursuant to Superior Court Rule of Civil Procedure 12(b)(6), this Court finds that dismissal is not warranted at this juncture. The Motion to Dismiss is **DENIED** with a limited discovery provision more fully set out below.

The allegations in this Complaint arise from a motor vehicle accident that occurred on December 29, 2016. [1] Defendant Duane D. Werb (Defendant) is alleged to have been liable after his vehicle struck Plaintiff Sean A. Dotson's vehicle, which then struck Plaintiff Victoria L. Willon's vehicle. [2] Defendant was operating a vehicle owned and rented from EAN at the time of the accident on December 29, 2016. [3] The record reflects that he required a rental vehicle because, approximately

---

[1] Compl. ¶ 1.

[2] *Id.*

[3] *Id.*; Pl.'s Answering Br. at 6-7.

two weeks before this accident, he had been involved in another motor vehicle accident on December 13, 2016 when he drove his vehicle into a storefront on December 13, 2016.[4] It was later determined that Defendant suffered from a medical condition that may have affected his ability to operate either vehicle.

Defendant filed this Motion to Dismiss the Count of Negligent Entrustment on July 3, 2018. Plaintiffs alleges that "Defendant EAN Holdings negligently entrusted its vehicle to Defendant Werb when Defendant EAN Holdings knew or should have known that Defendant Werb would act negligently in a manner that would cause injury and damages to another person or vehicle."[5] Defendant filed an Opening Brief in Support of its Motion to Dismiss Complaint on July 17, 2018. Plaintiffs' filed an Answering Brief in Opposition to Defendant EAN Holdings, LLC's Motion to Dismiss Complaint on August 6, 2018. Defendant filed a Reply Brief on August 14, 2018. A hearing was held on August 27, 2018 where this Court deferred decision.

## *Standard of Review*

Under a motion to dismiss for failure to state a claim under Rule 12(b)(6), "all well-pleaded allegations must be accepted as true."[6] Vague allegations may be "well-pleaded if they give the opposing party notice of the claim."[7] Further, the "Court must draw all reasonable inferences in favor of the non-moving party."[8] A party seeking dismissal of a complaint under Rule 12(b)(6) must be denied if the non-moving party "may recover under any reasonably conceivable set of circumstances susceptible to proof under the complaint."[9]

## *Discussion*

In order to prove a Negligent Entrustment cause of action, it requires a showing of "1) entrustment of the automobile, 2) to a reckless or incompetent driver

---

[4] Pl.'s Answering Br. at 2.

[5] Compl. ¶ 5.

[6] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[7] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002) (citation omitted).

[8] *Id.* at 897 (citing *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[9] *Spence*, 396 A.2d at 968.

2

whom (3) the entrustor has reason to know is reckless or incompetent and (4) resulting damages."[10] Generally, "the owner of an automobile is not liable for injuries negligently caused by its operation by one whom the owner has permitted to use the vehicle, absent some agency relationship between the owner and the operator."[11] Although generally an owner is not liable for injuries, if an owner allows another person to operate his vehicle, and the owner knows the operator "to be so reckless or incompetent that the automobile becomes a dangerous instrumentality, the owner may be liable for damages arising from the driver's negligent operation of the vehicle"[12] Before an owner will be found liable for negligent entrustment "an unusually high test of foreseeability must be met."[13]

This Court agrees that a separate duty should not be imposed on EAN to determine the medical health of an individual before they rent their vehicles, and this ruling does not impose such a duty. Instead, as was discussed during oral arguments and in the written pleadings by EAN, this Court also agrees with EAN that if an individual with visible signs of impairment had presented to EAN seeking to rent a vehicle, a viable claim of Negligent Entrustment would survive a 12(b)(6) dismissal. EAN conceded that the "classic example" of an individual appearing intoxicated at the rental car counter, renting a car, and subsequently getting into an accident would establish that the negligence was reasonably foreseeable.[14]

Here, Plaintiffs have not been provided an opportunity to conduct discovery as to what observations were made to representatives of EAN when the vehicle was rented to Defendant. As conceded by Plaintiffs, if there were no visible signs that would have placed EAN on notice that Defendant's operation of the vehicle would be reckless or incompetent, then the count should be dismissed, and may be so in due time. However, at this juncture, Plaintiffs should have an opportunity to find out what *observations* were made by EAN to determine if it would have been reasonably foreseeable to EAN that they were renting to a reckless or incompetent operator at the time the vehicle was rented. The discovery is limited to what

---

[10] *Fisher v. Novak*, 1990 WL 82153, at *2 (Del. Super. June 6, 1990) (citations omitted).

[11] *Fisher*, 1990 WL 82153, at *2 (citing *Smith v. Callahan*, 144 A. 46 (Del. 1928)).

[12] *Id.* (citing Blashfield, *Automobile Law and Practice*, § 254.22 (1966)).

[13] *Eberl v. Jackson*, 2005 WL 2660052, *2 (Del. Super. Sept. 19, 2005) (citing *Shonts v. McDowell*, 2003 WL 22853659, at *2 (Del. Super. Aug. 5, 2003)).

[14] Def.'s Mot. to Dismiss ¶ 4.

3

observations were made at the time the vehicle was rented. Plaintiff is not permitted to get into issues of what EAN knew or should have known regarding Defendant's medical condition that may have made it unsafe for him to operate a vehicle. For the reasons stated above, Defendant's Motion to Dismiss is **DENIED.**

      **IT IS SO ORDERED.**

                                      Vivian L. Medinilla
                                      Judge

oc:    Prothonotary